1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   GILBERT NAVARRO,                          Case No. 1:20-cv-00524-SKO (PC)

12                   Plaintiff,                **ORDER DIRECTING PLAINTIFF TO
                                               FILE A SECOND AMENDED**
13          v.                                 **COMPLAINT OR NOTIFY THE COURT
                                               OF HIS DESIRE TO PROCEED ONLY ON**
14   J. STCLAIR, et al.,                       **CLAIMS FOUND COGNIZABLE**

15                   Defendants.               (Doc. 8)

16                                             21-DAY DEADLINE

17

18          Plaintiff Gilbert Navarro alleges the defendants were deliberately indifferent to his serious

19   medical needs in violation of the Eighth Amendment. (Doc. 8.) The Court finds that Plaintiff

20   states cognizable deliberate indifference claims against the defendants in their individual

21   capacities, but his official-capacity claims are not cognizable. Therefore, the Court directs

22   Plaintiff to file a second amended complaint curing the deficiencies identified in this order or, in

23   the alternative, notify the Court that he wishes to proceed only on his individual-capacity claims.

24   **I.      SCREENING REQUIREMENT**

25          The Court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

27   The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

28   fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

1   who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

2   it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

3   theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4   **II.      INDIVIDUAL- VERSUS OFFICIAL-CAPACITY SUITS**

5           Plaintiffs can sue a governmental actor in his individual or official capacity. *See Kentucky*

6   *v. Graham*, 473 U.S. 159, 165-67 (1985). When a plaintiff sues a state actor in his individual

7   capacity, the suit "seek[s] to impose personal liability upon … [the] official for actions he takes

8   under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). To establish personal

9   liability in a section 1983 case, the plaintiff must "show that the official, acting under color of

10  state law, caused the deprivation of a federal right." *Id.* at 166 (citation omitted).

11          On the other hand, when a plaintiff sues a state actor in her official capacity, the suit

12  "represent[s] … another way of pleading an action against an entity of which [the] officer is an

13  agent." *Id.* at 165 (internal quotation marks and citation omitted). "Suits against state officials in

14  their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502

15  U.S. 21, 25 (1991). "A plaintiff seeking injunctive relief against the State is not required to allege

16  a named official's personal involvement in … the alleged constitutional violation…. Rather, a

17  plaintiff need only identify the law or policy challenged as a constitutional violation and name the

18  official within the entity who can appropriately respond to injunctive relief." *Hartmann v.*

19  *California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

20  **III.    DISCUSSION**

21          Plaintiff alleges that Nurse Hernandez and Drs. StClair, McKay, and Day were

22  deliberately indifferent to his serious medical needs in May and June of 2018. (Doc. 8.) The Court

23  finds that Plaintiff states cognizable claims of deliberate indifference against the defendants. His

24  allegations sufficiently show that (1) he suffered from a medical condition that, if not treated,

25  "could result in further significant injury or the unnecessary and wanton infliction of pain," (2)

26  the defendants were deliberately indifferent to that condition, and (3) he was harmed by the

27  alleged indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (internal quotation

28  marks and citation omitted).

1       Plaintiff, however, improperly sues the defendants in both their individual and official

2  capacities. (Doc. 8 at 9-10.) Plaintiff only states cognizable individual-capacity claims; as noted

3  above, he sufficiently alleges that the defendants personally violated his Eighth Amendment

4  rights. *See Kentucky*, 473 U.S. at 166. Plaintiff does not, however, state cognizable official-

5  capacity claims, because he does not identify a law or policy as the moving force behind the

6  alleged constitutional deprivation. *See Hartmann*, 707 F.3d at 1127.

7       Additionally, Plaintiff seeks only damages in this action. (Doc. 8 at 6.) As explained in the

8  previous section, suits against state officials in their official capacity are treated as suits against

9  the state itself. *Hafer*, 502 U.S. at 25. Plaintiff may not seek damages against the state without

10  violating the Eleventh Amendment, which "erects a general bar against federal lawsuits brought

11  against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) (citation omitted). Although

12  the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), provides an exception to this general bar,

13  the exception only applies to "suits against an official for prospective relief," not to "claims for

14  retrospective relief (such as damages)." *Porter*, 319 F.3d at 491 (citations omitted).

15  **IV.    CONCLUSION AND ORDER**

16       For the reasons set forth above, the Court finds that Plaintiff's official-capacity claims are

17  not cognizable. **Within 21 days** of the date of service of this order, Plaintiff shall file a second

18  amended complaint curing the deficiencies identified herein or, in the alternative, file a notice that

19  that he wishes to proceed only on his individual-capacity claims and to dismiss his official-

20  capacity claims. If Plaintiff no longer wishes to pursue this action, he may file a notice of

21  voluntary dismissal. If he needs an extension of time to comply with this order, he shall file a

22  motion seeking an extension **no later than 21 days** from the date of service of this order.

23       Plaintiff is informed that an amended complaint supersedes the original complaint and

24  prior amendments. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, the amended

25  complaint must be "complete in itself without reference to the prior or superseded pleading."

26  Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure

27  the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit

28  by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a second amended complaint;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

3. **Within 21 days** of the date of service of this order, Plaintiff must file **one of the following three items**:

   a. a second amended complaint curing the deficiencies identified in this order, or

   b. a notice that he does not wish to file a second amended complaint and instead wishes to (1) proceed only on his deliberate indifference claims against the defendants in their individual capacities, and (2) dismiss his claims against the defendants in their official capacities, or

   c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:   **August 14, 2020**                              /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE