UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT NAVARRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. STCLAIR, et al.,<br><br>　　　　　Defendants. | Case No.  1:20-cv-00524-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT HERNANDEZ FOR FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>14-DAY DEADLINE |

Plaintiff Gilbert Navarro is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. On August 28, 2020, the Court issued an order directing service of process on Defendants. (Doc. 14.) On December 28, 2020, the U.S. Marshals Service filed a return of service unexecuted as to Defendant Hernandez. (Doc. 21.) Therefore, on January 4, 2021, the Court ordered Plaintiff to show cause, within 21 days, why Defendant Hernandez should not be dismissed from this action for failure to effect service. (Doc. 22.) Plaintiff has not filed a response to the order to show cause, and the time to do so has passed.

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving plaintiffs proceeding *in forma pauperis*, the Court routinely orders the U.S. Marshals Service to serve the summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and … should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the U.S. Marshal with sufficient information to effect service on a defendant, the Court may dismiss that defendant. *Id.* at 1421-22.

Here, the California Department of Corrections and Rehabilitation (CDCR) attempted service on Defendant Hernandez through the Court's e-service pilot program, using the information provided by Plaintiff that Hernandez is a registered nurse at Sierra Conservation Center. (*See* Docs. 8, 14, 18.) However, the CDCR Office of Legal Affairs indicated that Hernandez is retired and no longer employed by CDCR. (Doc. 18.) Thus, she could not be served via the e-service program. The U.S. Marshal then attempted personal service on Hernandez at her last known address; however, she is no longer residing at that location. (Doc. 21.)

Plaintiff, therefore, has provided insufficient information to the U.S. Marshal to effect service on Defendant Hernandez. Although the Court provided Plaintiff with an opportunity to provide additional information to locate Hernandez, or to otherwise show cause why she should not be dismissed, he has not done so.

Accordingly, the Court RECOMMENDS that Defendant Hernandez be DISMISSED from this action without prejudice, pursuant to Rule 4(m). These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 5, 2021**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE