UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT NAVARRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. ST. CLAIR, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00524-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR A FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　BACKGROUND**

On February 25, 2022, Defendants filed a motion for summary judgment on the grounds that there is no genuine dispute of material fact and Defendants are entitled to judgment as a matter of law. (Doc. 38.) Pursuant to Local Rule 230(l), Plaintiff had 21 days to file an opposition or a statement of non-opposition to the motion. Plaintiff did not do so.

On April 7, 2022, the Court issued an Order to Show Cause (OSC) why this action should not be dismissed for Plaintiff's failure to prosecute. (Doc. 42.) Plaintiff was given 21 days within which to respond to the OSC, or, alternatively, to file an opposition to the motion for summary judgment or a statement of non-opposition. (*Id*.) More than 21 days have passed, and Plaintiff has failed to respond in any way.

On May 6, 2022, the undersigned issued an Order Discharging the Order to Show Cause and Order Directing Plaintiff to File Opposition or Statement of Non-Opposition. (Doc. 43.) Out of an abundance of caution, because Plaintiff had paroled and filed a notice of change of address close in time to Defendants having filed their motion for summary judgment, the Clerk of the Court was directed to serve Plaintiff with Defendants' motion at Plaintiff's current address at West Sonya Lane in Santa Maria, California. (*Id.* at 3.) Plaintiff was afforded 30 days within which to file an opposition or a statement of non-opposition to the motion for summary judgment. (*Id.*) Plaintiff again failed to respond and more than 30 days have passed.

## II. DISCUSSION

### A. Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

//

//

**B. Analysis**

Here, Plaintiff has failed to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Plaintiff has also failed to respond to this Court's OSC. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court issued its Discovery and Scheduling Order on May 26, 2021. (Doc. 31.) The Order provided a deadline of December 27, 2021, for the filing of pretrial dispositive motions. (*Id*. at 3.) By stipulation of the parties, the deadline for filing pretrial dispositive motions was extended to February 25, 2022. (Doc. 33.) On February 25, 2022, Defendants filed their motion for summary judgment. (Doc. 38.) Plaintiff neither opposed the motion nor filed a statement of non-opposition despite being offered an additional opportunity to do so. (*See* Doc. 43.) Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants. *Anderson v. Air W.*, 542 F.2d at 524; *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted); *Henderson v. Duncan*, 779 F.2d at 1424.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's OSC of April 7, 2022, included the following warning: "**Failure to comply with this order will result in a**

**recommendation that this case be dismissed with prejudice for a failure to prosecute**." (Doc. 42 at 2.) The Court's May 6, 2022, Order also included the following additional warning: "**Plaintiff is advised that a failure to comply with this Order will result in a recommendation that this case be dismissed with prejudice for a failure to prosecute.**" (Doc. 43 at 3.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

### III.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that this action be DISMISSED with prejudice for Plaintiff's failure to prosecute and failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 13, 2022**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE